**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL A. HOLMBERG, | No. 11-35146 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05775-RJB |
| v. | |
| CHRISTINE O. GREGOIRE, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| ELDON VAIL; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted September 18, 2012[**]

Before:    LEAVY, PAEZ, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Michael A. Holmberg, a Washington state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants denied him access to his Mandatory Savings Account ("MSA") to pay for court fees in retaliation for his ongoing litigation activities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment to defendant Vail because Holmberg failed to raise a genuine dispute of material fact as to whether Vail personally participated in the decision to deny Holmberg MSA access. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is only liable where he "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

The district court granted summary judgment to defendants Van Boening and Fitzpatrick after concluding that they denied Holmberg MSA access because of a Department of Corrections policy that only allows access in the case of an emergency. However, in opposition to summary judgment, Holmberg submitted evidence suggesting that both Van Boening and Fitzpatrick routinely granted MSA access to other prisoners to pay for their litigation activities despite the policy.

Holmberg also submitted evidence that he was a frequent litigator who had multiple cases pending against various prison personnel, including Van Boening, and that Holmberg sought MSA access here to pay the filing fee for a new case against Van Boening. Viewed in the light most favorable to Holmberg, the evidence raises a genuine dispute of material fact as to whether these defendants retaliated against Holmberg. *See Ylst*, 351 F.3d at 1289-90 (reversing summary judgment where a legitimate prison procedure may have been used as a pretext to retaliate against an inmate for filing grievances). Accordingly, we reverse summary judgment on Holmberg's retaliation claim as to defendants Van Boening and Fitzpatrick, and remand for further proceedings.

On remand, the district court should consider whether to exercise supplemental jurisdiction over Holmberg's state law claims concerning his MSA access. *See Fredenburg v. Contra Costa Cnty. Dep't of Health Servs.*, 172 F.3d 1176, 1183 (9th Cir. 1999).

Issues not raised on appeal, including Holmberg's claims arising from being labeled a "rat" and being placed on a transfer list, are waived. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**